UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


MARK WESLEY GABLE,

                Petitioner,

    v.


WARDEN TIMOTHY WENGLER,

                Respondent.

Case No. 1:10-cv-00644-REB

**MEMORANDUM DECISION AND ORDER**


Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Dkt. 12.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument. In the interest of avoiding delay, the Court will decide this matter on the written motion, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1.

For the reasons set forth below, Respondent's Motion will be granted in part and denied in part.

## BACKGROUND

On January 10, 2005, a loss prevention officer at a Fred Meyer store in Meridian observed a man and a woman acting suspiciously in the cold medicine aisle of the store.

**MEMORANDUM DECISION AND ORDER - 1**

(State's Lodging B-4, p. 1.) The couple left the store and met Mark Gable ("Petitioner")
by a car in the parking lot, where they tossed a baby carrier that the woman had been
carrying into the back seat. (*Id.*) The loss prevention officer contacted the civil supervisor
of the police's crime prevention unit, who arrived at the scene in plain clothes and
watched as the group repeated similar behavior at four nearby stores. (*Id.*)

Police officers stopped the car, and Petitioner was arrested for driving on a
suspended license. (State's Lodging B-4, p. 2.) A search of the car revealed
approximately one thousand pseudoephedrine pills, empty blister packs,
methamphetamine, drug paraphernalia, and a ledger with numbers written on it. (*Id.* at 2.)
The baby carrier had only a doll in it, and a diaper bag was lined with aluminum foil. (*Id.*)

Petitioner and his two companions were charged with four counts burglary and one
count of conspiracy to traffic in methamphetamine by manufacturing. (State's Lodging A-
1, pp. 30-33.) After a jury trial – at which Petitioner's accomplices testified against him –
Petitioner was convicted of three counts of aiding and abetting burglary and one count of
conspiracy to traffic in methamphetamine. (State's Lodging B-4, p. 3.) On the burglary
counts, the trial court sentenced him to one year fixed, two years fixed, and two years
fixed, respectively, and the court sentenced him to twenty-five years with fifteen years
fixed for conspiracy to traffic in methamphetamine. (State's Lodging A-1, pp. 127-30.)
Petitioner is serving these sentences consecutively, for an aggregate term of twenty to
thirty years in prison. (*Id.*)

On direct appeal, Petitioner raised three issues: (1) he contended that the

**MEMORANDUM DECISION AND ORDER - 2**

prosecutor violated his right to due process of law when he cross-examined Petitioner about his "failure to tell his side of the story" at the time of his arrest; (2) Petitioner asserted that the trial court erred in denying his motion to suppress, which defense counsel had raised for the first time during the criminal trial; and (3) he claimed that the trial court abused its discretion by imposing excessive sentences. (State's Lodging B-1, pp. 10-25.)

The Idaho Court of Appeals declined to consider the merits of the suppression issue after concluding that the trial court should not have entertained the motion because it was tardy without a showing of good cause or excusable neglect. (State's Lodging B-4, p. 4.) The Court of Appeals next assumed, without deciding, that Petitioner had shown a violation of his fundamental rights based on the prosecutor's improper cross-examination, but it concluded that the error was harmless. (*Id*. at 7-8.) Finally, the Court of Appeals determined that the lower court did not abuse its discretion in sentencing. (*Id*. at 9.) Petitioner filed a petition for review in the Idaho Supreme Court, re-asserting these claims, but the petition was denied. (State's Lodgings B-5, B-6, B-7.)

Petitioner returned to the state district court with an application for post-conviction relief. (State's Lodging C-1, pp. 5-9.) The district court summarily dismissed all claims that could have been raised on direct appeal, but it appointed counsel for Petitioner and held an evidentiary hearing on his claim of ineffective assistance of trial counsel. (State's Lodging C-1, pp. 42-43; State's Lodging C-2.) At the conclusion of the evidentiary hearing, the claim had been narrowed to two grounds: first, Petitioner alleged that his

MEMORANDUM DECISION AND ORDER - 3

counsel, D.C. Carr, was ineffective in failing to file a timely motion to suppress, a

deficiency that had resulted in the Idaho Court of Appeals declining to consider the merits

of the issue on appeal; and, second, Petitioner faulted Carr for not objecting to testimony

about Petitioner's methamphetamine use and other prior bad acts. (State's Lodging C-1,

p. 52.) The district court determined that Petitioner had not established that Carr's

representation fell below an objective standard of reasonable representation on either of

these grounds, or that he had been prejudiced by any errors. (*Id*. at 53-55.)

With the assistance of new counsel, Petitioner appealed, but he limited the issue on

appeal to Carr's failure to file a timely motion to suppress. (State's Lodging D-1.) The

Idaho Court of Appeals affirmed, finding that a motion to suppress would have lacked

merit because police officers had reasonable suspicion to stop Petitioner's car. (*Id*. at 4-

10.) Petitioner raised the issue again his a petition for review, but the Idaho Supreme

Court declined to review the case. (State's Lodging D-8, D-9.)

Petitioner filed his Petition for Writ of Habeas Corpus in his Court on December

29, 2010. (Dkt. 1.) In his Petition, he claims that (1) his right to be free from unreasonable

searches and seizures under the Fourth Amendment was violated; (2) he was deprived of

his due process right to a fair trial because of (a) prosecutorial misconduct, (b) the

admission of "tainted" evidence, (c) police misconduct, (d) the prosecution's failure to

disclose exculpatory evidence, and (e) cumulative errors; (3) he was deprived of his Sixth

and Fourteenth Amendment rights to the effective assistance of counsel; (4) he is being

subjected to cruel and unusual punishment in violation of the Eighth Amendment; and (5)

**MEMORANDUM DECISION AND ORDER - 4**

various other errors violated his right to due process and equal protection under the

Fourteenth Amendment.  (Dkt. 1, pp. 5-16.)

The Court conducted an initial review of the Petition and ordered the Clerk to

serve it on Respondent. (Dkt. 6.) Respondent has since filed a Motion for Partial

Summary Dismissal, contending that with the exception of claims related to the

prosecutor's allegedly improper cross-examination and to ineffective assistance of

counsel based on Carr's failure to file a timely motion to suppress (aspects of Claims 2

and 3), all claims must be dismissed as not properly exhausted in the state courts and now

procedurally defaulted. (Dkt. 12.) Respondent also seeks dismissal of Claim 1 on the

alternative ground that the substantive Fourth Amendment issue is not cognizable in this

federal habeas proceeding. (*Id.*)

Petitioner has filed his Response (Dkt. 14), and the Court is prepared to issue its

ruling.

## STANDARD OF LAW

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to dismiss

a petition for writ of habeas corpus summarily when "it plainly appears from the face of

the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court." When a court is considering a motion to dismiss, it may take judicial

notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d

**MEMORANDUM DECISION AND ORDER - 5**

1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. The Court shall take judicial notice of those portions of the state court record lodged by Respondent.

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM DECISION AND ORDER - 6

federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S.

722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted

claim unless the petitioner can establish cause for his default and actual prejudice, or he

can show a miscarriage of justice in his case, which means that he is probably innocent.

*Coleman*, 501 U.S. at 750.

## DISCUSSION

Initially, the Court agrees with Respondent that the substantive Fourth Amendment

issue (Claim 1) does not state a claim on which relief may be granted.

In *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), the Supreme Court held that

Fourth Amendment claims will not offer relief in federal habeas corpus actions if the

petitioner had a full and fair opportunity to develop the issues in state court. In reaching

that conclusion, the Supreme Court balanced the deterrent effect of enforcing the

exclusionary rule in a federal collateral proceeding against the costs to the criminal justice

system in excluding relevant evidence, and it concluded that the costs outweighed any

marginal benefit. *Id.* at 490-94. Therefore, under *Stone*, "[t]he relevant inquiry is whether

petitioner had the opportunity to litigate his claim [in state court], not whether he did in

fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81

F.3d 891, 899 (9th Cir. 1996). The habeas petitioner bears the burden of establishing that

he was not given a full and fair opportunity to litigate his claim. *Woolery v. Arave*, 8 F.3d

1325, 1326-27 (9th Cir. 1993); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977). If he

does not carry that burden, the Fourth Amendment claim must be dismissed.

**MEMORANDUM DECISION AND ORDER - 7**

Here, the Court finds that Petitioner had an opportunity to litigate all search and seizure issues in the Idaho state courts. Idaho law allows defendants to raise motions to suppress before trial. *See* Idaho Criminal Rule 12(b)(3). Even though Petitioner's counsel failed to comply with the procedural rule, the district court nonetheless considered the Fourth Amendment claim on its merits when counsel raised it at trial. It is of no import to the *Stone* analysis that the Idaho Court of Appeals later concluded that the trial court should not have entertained the motion. What matters is whether Petitioner had an opportunity to develop the issue, and he clearly did.  Petitioner discounts the value of that opportunity, but the fact that the issue was raised, considered, and ultimately decided by the trial court is immutable.

Moreover, the Idaho Court of Appeals also eventually reviewed the merits of the Fourth Amendment issue in the post-conviction appeal when it addressed whether trial counsel had been ineffective in handling the suppression motion.  Respondent is not seeking dismissal of Petitioner's ineffective assistance of counsel claim here. For these reasons, Claim 1 will be dismissed as non-cognizable under the *Stone* doctrine.

The Court is further persuaded by Respondent's argument that the only other constitutional claims that were fairly presented to the Idaho Supreme Court, and that are now free of procedural default, include a portion of Claim 2 in which Petitioner alleges a due process violation based on the prosecutor's cross-examination and the limited aspect of Claim 3 in which he alleges ineffective assistance of counsel based on the failure to file the suppression motion before trial. No other claims were raised in the Idaho Supreme

**MEMORANDUM DECISION AND ORDER - 8**

Court at the correct time or in the correct manner, and because it is to late to do so now,

these claims are procedurally defaulted.[2]

The defaulted claims must be dismissed unless Petitioner can show cause and

prejudice to overcome the default. To show cause, a habeas petitioner must ordinarily

demonstrate that some objective factor external to the defense impeded his or his

counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477

U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating

that the errors "worked to his actual and substantial disadvantage, infecting his entire

[proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S.

152, 170 (1982).

In his Response, Petitioner expends considerable effort arguing the merits of his

claims rather than attempting to establish a reason for why he did not properly exhaust his

claims in the Idaho Supreme Court. (Dkt. 14.) Despite this, the Court has liberally

construed his Response as asserting that his appointed counsel's failure to raise the claims

properly is the cause of any default.[3]

The U.S. Supreme Court has made clear that a criminal defendant bears the risk of

---

[2]Although Petitioner did advance an excessive sentencing claim on direct appeal, it was framed entirely under state law (State's Lodging B-1, pp. 23-25), and he did not argue there that he is being subjected to cruel and unusual punishment under the Eighth Amendment.

[3] Petitioner does not argue that his default should be overlooked because of his actual innocence, and the Court will not discuss the "fundamental miscarriage of justice" exception. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). But even if he had made such an argument, he has not come forward with new reliable evidence from which the Court could find that it is more likely than not that no reasonable juror would now find him guilty of the charges. *See id.* at 327 (setting out the standard for showing actual innocence in this context).

attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Generally, only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state and may serve as cause to excuse the default of another constitutional claim. *Id*. at 488-89.

In addition, even where a petitioner points to an instance of ineffective assistance of counsel during the direct appeal that he asserts prevented him from properly exhausting his claims in that proceeding, he cannot rely on that instance unless he has first exhausted that particular ineffective assistance of counsel claim. *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). Put another way, if a petitioner has not exhausted the ineffective assistance of appellate counsel claim, then he cannot rely on such a claim for "cause" in a "cause and prejudice" argument. *Id.* In this case, Petitioner has not properly exhausted any claim that his counsel on direct appeal was constitutionally deficient.

Petitioner also appears to fault his *post-conviction* counsel for not developing several ineffective assistance of *trial* counsel claims in that proceeding. A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, until recently, a petitioner could not argue that his counsel's errors during the post-conviction action serve as a basis to

**MEMORANDUM DECISION AND ORDER - 10**

excuse the procedural default of his claims. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In its most recent term, however, the United States Supreme Court held that a persuasive showing of ineffective assistance of post-conviction counsel that resulted in the default of ineffective assistance of trial counsel claims may be a reason to ignore the procedural bar and reach the merits of those claims. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). The Court explained that the limited exception to the longstanding general rule was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

In setting out the rule, the Court described two potential restrictions. First, the state post-conviction proceeding must represent the initial opportunity under state law for a defendant to raise claims of ineffective assistance of trial counsel (it must be an "initial-review collateral proceeding" as to those claims). *Id*. at 1317. Second, "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e*., it does not have any merit or it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id*. at 1319.

The Ninth Circuit has summarized the test from the *Martinez* case as follows: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under the test set out in *Strickland* [*v. Washington*, 466 U.S.

MEMORANDUM DECISION AND ORDER - 11

668 (1984)], whether the petitioner's claim of ineffective assistance of trial counsel is

substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th

Cir. 2012).

*Martinez* significantly altered the legal landscape regarding cause and prejudice to

excuse the procedural default of ineffective assistance of trial counsel claims. Because

*Martinez* was decided after the briefing was submitted on Respondent's Motion, the

Court does not have the benefit of the parties' positions as to its applicability, and the

Court is unable to resolve that issue on the current briefing and the record. Therefore, the

Court will deny without prejudice Respondent's Motion as to whether the ineffective

assistance of trial counsel claims are  procedurally defaulted. Respondent may re-assert

the defense in his Answer, and, if he does, the parties should address the *Martinez* issue in

subsequent briefing.

Accordingly, Respondent's Motion will be granted in part and denied in part.

Claims 1, 2 (in part), 4, and 5 (in part) will be dismissed with prejudice. The portion of

Claim 2 that alleges a due process violation based on the prosecutor's cross-examination

of Petitioner and the aspect of Claim 3 that alleges ineffective assistance of counsel for

failure to file a timely motion to suppress are not at issue in Respondent's Motion and

will not be dismissed. The Court denies Respondent's Motion, without prejudice, with

respect to whether all other claims of ineffective assistance of counsel in the Petition –

asserted in Claims 3 and 5 – must be dismissed as procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 12**

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is

GRANTED in part and DENIED in part, as set forth above. The following

claims are dismissed, with prejudice: 1, 2 (in part), 4, and 5 (in part).

2.      Within **60 days** of the date of this Order, Respondent shall file an Answer,

conforming in all respects to Rule 5 of the Rules Governing Section 2254

Cases. The Answer should also contain a brief setting forth the factual and

legal basis of grounds for dismissal and/or denial of each claim. Petitioner

shall file a reply (formerly called a traverse), containing a brief rebutting

Respondent's answer and brief, which shall be filed and served **within 30**

**days** after service of the answer. Respondent has the option of filing a sur-

reply **within 14 days** after service of the reply. At that point, the case shall

be deemed ready for a final decision.

DATED:  **September 17, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge